UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN WESLEY RICHARDSON, | ) ) | 1: 04 CV F-5009 OWW DLB P |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATION RE |
| v. | ) ) | DEFENDANTS' MOTION TO DISMISS |
| R.L. CANDELARIA, et al., | ) ) | (Document #14) |
| Defendants. | ) ) | |

Plaintiff is a state prisoner proceeding pro per and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983. Plaintiff originally filed this action on December 8, 2003 in the Central District of California. The Central District granted plaintiff in forma pauperis status and transferred the action to the Eastern District on January 5, 2004. This court found that the complaint appeared to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) and ordered service on defendants Candelaria, Guzzard and Shannon.[1] Thereafter, defendants Candelaria and Guzzard filed the motion to dismiss which is currently before the court.

**A.  Motion to Dismiss Standard**

In considering a motion to dismiss for failure to state a claim, the court must accept as true

---

[1] The Court's record reflects that defendant Shannon has not yet been served. By separate order the Court will require Plaintiff to provide further information to assist the Marshal in serving defendant Shannon.

1  the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
2  738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion,
3  and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied,
4  396 U.S. 869 (1969).  Pro se pleadings are held to a less stringent standard than those drafted by
5  lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  A motion to dismiss for failure to state a
6  claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in
7  support of the claim that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69,
8  73 (1984)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake
9  Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).
10       The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d
11  1119, 1126 (2002).  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with
12  limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A.,
13  534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a
14  short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ.
15  Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim
16  is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court may dismiss a
17  complaint only if it is clear that no relief could be granted under any set of facts that could be proved
18  consistent with the allegations. Id. at 514.  Discovery and summary judgment motions - not motions
19  to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512.

20  **B.   Allegations in the Complaint**

21       In his complaint, Plaintiff alleges that defendant Warden Candelaria and staff conspired with
22  malicious intent to violate his constitutional rights.  He alleges that defendants falsified his record
23  and further that he was not convicted of a qualifying offense that would require him to register as a
24  sexually violent predator, but nonetheless was forced to sign a sexually violent predator registration
25  form based on his race.  Plaintiff contends Defendants have violated his constitutional right to be
26  free from racial discrimination.  Plaintiff names as defendants, R.L. Candelaria, Warden, Wasco
27  State Prison Reception Center; R. Guzzard, Wasco State Prison Reception Center Case Worker; and
28

Classification Staff member Shannon.  Plaintiff seeks the removal of the California Penal Code Section 290 Registration and monetary damages.

**C.    Discussion**

Defendants argue that Plaintiff's complaint fails to state a claim upon which relief can be granted because his allegations are conclusory and he does not allege any facts to establish a violation of a constitutionally protected right.  Defendants also argue that Plaintiff has failed to allege any facts to establish each defendant's personal involvement in the alleged discrimination.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).  An equal protection claim may be established in two ways.  A plaintiff generally establishes an equal protection claim by showing that a defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9 Cir.2001) (*citing* Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.1998), *cert. denied,* 525 U.S. 1154 (1999)). However, if the state action in question does not involve either a fundamental right of a suspect classification, a plaintiff may establish a "class of one" equal protection claim by showing that he " 'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." ' Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004) (*quoting* Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)).  Without more, the selective enforcement of valid laws is not sufficient to establish that a defendant's conduct is irrational.  Freeman v. City of Santa Ana, 68 F.3d 1180, 1188 (9th Cir.1995) (*citing* Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978); United States v. Kidder, 869 F.2d 1328, 1335 (9th Cir.1989)). If an equal protection claim is based upon selective enforcement of a valid law, a plaintiff must show that others who are similarly situated have not been prosecuted, and that the prosecution is based upon an "impermissible motive." Freeman, 68 F.3d at 1187.  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren, 152 F.3d at 1194.

The Civil Rights Act under which this action was filed provides:

>  Every person who, under color of [state law]    . . . subjects, or causes
>  to be subjected, any citizen of the United States. . . to the deprivation
>  of any rights, privileges, or immunities secured by the Constitution. . .
>  shall be liable to the party injured in an action at law, suit in equity, or
>  other proper proceeding for redress.  42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

 Plaintiff generally alleges that defendants forced him to sign a sexually violent predator form.  He alleges that he did not have a commitment offense that would warrant this action and that defendants forced him to sign the form based on his race.  These allegations, taken as true, are sufficient to put defendants on notice of his claim of racial discrimination in violation of the equal Protection Clause.  While plaintiff does not specifically allege that defendants acted with "discriminatory intent"; he alleges that without justification, he was required to sign a sexually violent predator form because of his race.  These allegations are sufficient to defeat defendant's motion.

 However, the court agrees that plaintiff has failed to provide sufficient detail regarding the specific conduct of defendants Candelaria and Guzzard.  From his complaint, it is unclear what part each defendant took in the alleged actions.  It is likely that plaintiff can cure this deficiency by amending the complaint to provide more detail regarding the specific conduct of each named defendant.  Therefore, the court will grant plaintiff leave to amend.  In doing so, plaintiff must keep in mind that supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of <u>respondeat superior</u> and, therefore, when a named defendant holds a

supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To show a prima facie case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a policy "so deficient that the policy itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

       The court has provided plaintiff with the applicable legal standards for properly linking defendants to claims, for supervisory liability claims, and for Equal Protection claims. Plaintiff will be provided with the opportunity to file an amended complaint to cure the deficiencies identified by the court in this order.

       Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

       In addition, the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). In order to maintain an action seeking relief for emotional distress suffered by a prisoner while in custody, there must be an allegation of actual physical injury. Zehner v. Trigg, 952 F. Supp. 1318, 1322-23 (S.D. Ind. 1997) (exposure to asbestos during performance of prison job is not "physical injury" to support claim for mental or emotional injury), affirmed 133 F.3d 459, 460 (7th Cir. 1997). The alleged physical injury must be more than de minimus, but need not be significant. Siglar v.

Hightower, 112 F.3d 191, 193-94 (5th Cir. 1997) (sore, bruised ear lasting for three days was de minimus injury and fell short of requisite physical injury to support a claim for emotional or mental suffering); Evans v. Allen, 981 F. Supp. 1102, 1109 (N.D. Ill. 1997) (allegation that prisoner had "bodily fluids thrown on [him]" insufficient to satisfy injury requirement of section 1997e(e)); Luong v. Hatt, 979 F. Supp. 481, 485-86 (N.D. Tex. 1997) (minor injuries lasting a few days insufficient to satisfy section 1997e(e)).  Therefore, to the extent plaintiff seeks damages for emotional distress, there must be an allegation of actual physical injury.

**D.    Conclusion**

Based on the foregoing, it is HEREBY RECOMMENDED that defendants' motion to dismiss, filed October 22, 2004, be granted in part and plaintiff be granted leave to file an amended complaint within 30 days of the order adopting this recommendation.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    June 1, 2005**                    /s/ Dennis L. Beck
3b142a                                     UNITED STATES MAGISTRATE JUDGE